UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Raymond L. Semler,

                 Plaintiff,                Court File No. 13-cv-3283 (JNE/LIB)

     v.                               **ORDER AND**
                                  **REPORT AND RECOMMENDATION**

Beth Williams,
Commissioner of Crow Wing County Social Services,
in her individual and official capacities,

                 Defendant.

_____

This matter came before the undersigned United States Magistrate Judge upon Defendant's Motion to Dismiss, [Docket No. 7], and Plaintiff's Motion for Leave to Amend Complaint, [Docket No. 14]. The case has been referred to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court, subject to order, **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Leave to Amend Complaint, [Docket No. 14], and, subsequently, recommends **GRANTING** Defendant's Motion to Dismiss, [Docket No. 7].

## I.     STATEMENT OF FACTS

The present civil rights action arises out of Crow Wing County's allegedly unconstitutional denial of Plaintiff's October 3, 2013, application for general and medical assistance. (Compl. [Docket No. 1], § IV, ¶ 1).  Plaintiff alleges that Defendant, Beth Williams, Commissioner of Crow Wing County Social Services, denied Plaintiff state general assistance benefits based on Plaintiff's 2009 federal income tax return and, in so doing, deprived Plaintiff of his constitutional rights to Due Process and Equal Protection. (Id. § I, ¶ 2).

On October 3, 2013, Plaintiff mailed a general assistance application to Crow Wing County Social Services. (Id. § IV, ¶ 1). Subsequently, Plaintiff received a Notice of Verification Request Form-B, requesting Plaintiff submit his 2009 federal income tax return among other information to Crow Wing County for their consideration in evaluating Plaintiff's application for benefits. (Id.) Plaintiff alleges that Defendant thereafter denied Plaintiff's application based on his 2009 federal income tax return, which is allegedly "too attenuated" in time to be properly considered in denying Plaintiff's application for benefits. (Id. § IV, ¶¶ 2, 8). Plaintiff generally alleges that "Defendant's actions in the manner in which they are being applied to Plaintiff violate his Substantive Due Process, Procedural Due Process, Due Process and Equal Protection rights under the Fourteenth Amendment and is unconstitutional as applied to Plaintiff." (Id. § IV, ¶ 1).

Because it appears that Plaintiff filed his Motion for Leave to Amend Complaint, [Docket No. 14], in response to Defendant's Motion to Dismiss, [Docket No. 7], the Court considers the Motion for Leave to Amend Complaint first. See Augustine v. United States, No. 13-cv-1417 (DWF/LIB), 2014 U.S. Dist. LEXIS 35517, at *11-12 (D. Minn. Feb. 20, 2014) (Brisbois, M.J.) ("Eighth Circuit case law provides that courts should consider motions to amend prior to ruling on motions to dismiss.") (citing Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 955-56 (8th Cir. 2002)), adopted by, 2014 U.S. Dist. LEXIS 33148 (D. Minn. Mar. 14, 2014) (Frank, J.).

## II.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, [DOCKET NO. 14]

Plaintiff moves the court for leave to amend his Complaint in two respects: (1) to add an additional defendant, current Director of Crow Wing County Social Services Kara Terry; and (2) to correct the spelling of the existing Defendant's name to "Wilms" and identify her as the

former Director of Crow Wing County Social Services. (Pl.'s Mot. for Leave to Amend [Docket No. 14], at 1). Plaintiff explicitly brings his motion pursuant to Fed. R. Civ. P. 15(a)(2), 15(c)(1)(B), and Local Rule 15.1, stating that the Court should allow Plaintiff the opportunity amend his Complaint as such leave "shall be freely given when justice so requires." (Id.)[1]

## A.    Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, and Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Although "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), the Court begins its review "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998).

---

[1] On February 12, 2014, the Court preliminarily addressed Plaintiff's Motion for Leave to Amend Complaint, [Docket No. 14], recognizing that Plaintiff specifically intends to amend his Complaint to correctly identify the existing Defendant and to seek to add as a defendant the current Crow Wing County Director of Social Services, Kara Terry. (Order [Docket No. 16]). The Court observed, however, that Plaintiff failed to file his Motion for Leave to Amend Complaint in compliance with Local Rule 15.1(b), which requires that Plaintiff's motion be accompanied by both (1) a copy of the proposed amended complaint, and (2) a second copy of the proposed amended complaint that "shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how the proposed amended pleading differs from the operative pleading." (Id. at 2). The Court ordered that "because Plaintiff's motion describes a simple and discrete amendment to his Complaint, the Court will not hold Plaintiff to strict compliance with L.R. 15.1(b)[.]" (Id.) That being said, Plaintiff's "proposed Amended Complaint" is narrowly restricted to the incorporation of the two discrete amendments Plaintiff has so identified and which the Court has so recognized.

However, a party may successfully challenge a motion to amend pleadings on grounds of futility if the claims created by the amendment would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008); Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009). The moving party must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 556 U.S. at 678).

However, in applying the motion to dismiss standard in ruling on a motion to amend under a Rule 15(a) futility analysis, courts generally do not weigh the substance of the proposed amended pleadings to the same extent as would be appropriate on a Rule 12(b)(6) motion. Streambend Properties III, LLC v. Sexton Lofts, LLC, No. 10-cv-4745 (MJD/SER), 2014 WL 316895, at *6 (D. Minn. Jan. 28, 2014) (citing Birchwood Labs., Inc. v. Battenfeld Techs., Inc., 762 F. Supp. 2d 1152, 1156 (D. Minn. 2011) (MJD/JJK)).

**B.     Analysis**

Plaintiff filed his Motion for Leave to Amend, [Docket No. 14], on February 10, 2014,

within 21 days after Defendant's January 29, 2014, Motion to Dismiss, [Docket No. 7], and although Plaintiff might have filed his motion to amend his Complaint pursuant to Rule 15(a)(1)(B), the Plaintiff explicitly styles his Motion for Leave to Amend as pursuant to Rule 15(a)(2). While the Eighth Circuit has previously rejected the argument "that the mere act of filing a motion to amend or seeking leave to amend negates the otherwise applicable 'as a matter of course' language of Rule 15(a)[,]" Onyiah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 957 (D. Minn. 2009) (citing Pure Country, Inc., 312 F.3d at 956), when a party seeking leave to amend expressly relies upon 15(a)(2) and specifically asks the court to apply a legal standard that is entirely distinct from the "as a matter of course" 15(a)(1)standard, the Eighth Circuit has held that under such circumstances, a party has clearly waived its right to rely on the "as a matter of course" standard. Pure Country, Inc., 312 F.3d at 956.

While the Court is required to construe the content within the Plaintiff's pleadings liberally as he proceeds *pro se*, Plaintiff is nevertheless bound by applicable procedural and substantive law. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Here, Plaintiff explicit argues he should be granted leave to amend his Complaint because such leave is freely given when justice so requires, and such leave is generally granted absent undue delay, bad faith, undue prejudice to the nonmoving party, and futility. (Pl.'s Mot. for Leave to Amend [Docket No. 14], at 1-2). This is an invocation by Plaintiff of the procedural standard for amending a complaint under Fed. R. Civ. P. 15(a)(2). Accordingly, because Plaintiff explicitly moves for leave to amend his Complaint under Fed. R. Civ. P. 15(a)(2), the Court applies the Rule 15(a)(2) discretionary standard of review, articulated above, when reviewing Plaintiff's motion.

The Court addresses each of Plaintiff's proposed amendments in turn.

**1.     Amendment to Existing Defendant's Name and Title**

As addressed above, Plaintiff moves to amend his Complaint to re-identify existing Defendant "Beth Williams, Commissioner of Crow Wing County Social Services" as "Beth Wilms, former Director of Crow Wing County Social Services." Prior to Plaintiff's Motion for Leave to Amend Complaint, [Docket No. 14], Defendant Wilms moved to dismiss Plaintiff's Complaint, [Docket No. 7].

Eighth Circuit jurisprudence provides that courts should consider motions to amend the pleadings prior to ruling on pending motions to dismiss. In Pure Country, Inc., supra, the defendant moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Id. at 955. While the motion to dismiss was pending, the plaintiff filed a motion to amend its pleading and add additional parties. Id. The district court granted the defendant's motion to dismiss and denied as moot the plaintiff's motion to amend. Id. On appeal, the Eighth Circuit reversed, writing:

> [T]he district court ignored Pure Country's motion to amend, granted Sigma Chi's motion to dismiss the original complaint, and then denied Pure Country's motion to amend the complaint as moot. That approach, as a procedural matter, was plainly erroneous. If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint. We therefore reverse the district court's denial of Pure Country's motion to amend the complaint, and we remand the matter to the district court with instructions to reconsider the motion under the discretionary standard asserted by Pure Country. In order to permit the district court to reconsider the motion to amend the complaint, we also vacate the district court's dismissal of the original complaint; however, we do so subject to the possibility that the claims in question may again be dismissed by the district court following its ruling on the motion to amend.

Id. at 956 (internal citations omitted). The Eighth Circuit held that it is procedural error to grant a pending motion to dismiss and subsequently dismiss a motion to amend the complaint as moot, recommending, instead, that courts apply the Rule 15 discretionary standard and first weigh motions to amend. Id.; Murrin v. Fischer, No. 07-cv-1295 (PJS/RLE), 2008 WL 540857 (D. Minn. Feb. 25, 2008).

Accordingly, the Court finds that it is procedurally proper to allow Plaintiff's minor factual amendment to the existing Defendant's name prior to consideration of her Motion to Dismiss, [Docket No. 7]. The Court grants Plaintiff this first requested amendment to his Complaint.

The Court finds no reason, on the present record, as to why it should deny Plaintiff the opportunity to so amend in order to correct the existing Defendant's name and title. Plaintiff's motion for leave to amend does not suffer from undue delay. C.f., Platte Valley Wyo-Braska Beet Growers Assn. v. Imperial Sugar Co., 100 F. App'x 717, 720 (10th Cir. 2004) (holding that the district court "acted prudently" when it refused to consider a motion to amend until after ruling on a motion to dismiss because the motion to amend was untimely. Platte Valley's motion for leave to amend suffered from undue delay because Platte Valley first addressed its desire to amend its pleadings before the district court at the end of its arguments opposing defendant's motion to dismiss. This argument occurred two and a half months after Platte Valley filed its complaint and almost two months after Imperial submitted its motion to dismiss. "By waiting until completion of its arguments on the motion to dismiss, Platte Valley gave the district court virtually no time to consider properly its motion to amend. Nor did Platte Valley explain why it failed to present its Rule 15 motion earlier, instead of waiting until the eleventh hour of its case.")). In the present case, Plaintiff did not wait until completion of arguments on the motion to

dismiss to first move to amend his Complaint. Rather, Plaintiff timely filed his motion to amend in response to Defendant's Motion to Dismiss, as well as prior to submitting his own opposition memorandum to Defendant's Motion to Dismiss.

Additionally, nothing in the present record before the Court suggests any bad faith or dilatory motive on Plaintiff's part, nor will Defendant suffer any undue prejudice. Plaintiff's proposed amendment to the existing Defendant's name and title does not introduce any new claims or factual allegations against the existing Defendant that were not previously advanced in Plaintiff's original Complaint. It follows that the Court can allow Plaintiff this minor amendment to Defendant's name and still consider Defendant's Motion to Dismiss, [Docket No. 7]. (See Section III, infra).

For the foregoing reasons, the Court grants Plaintiff's Motion for Leave to Amend Complaint, [Docket No. 14], insofar as he seeks to amend the Complaint to correct the existing Defendant's name and title.

### 2.    Amendment to Add New Defendant, Kara Terry

For his second, discrete amendment to his Complaint, Plaintiff seeks leave to add an additional defendant, Kara Terry, the current Director of Crow Wing County Social Services. In seeking to add this new defendant, Plaintiff essentially re-alleges all the existing claims contained in his original Complaint now against Ms. Terry. Counsel for Crow Wing County and Ms. Wilms (and now Ms. Terry) challenges this proposed amendment to the Complaint as futile.

As discussed in the standard of review section above, a party may successfully challenge a motion to amend pleadings on grounds of futility if the claims created by the amendment would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Construing liberally the claims advanced in Plaintiff's original Complaint

he now seeks to assert against Ms. Terry, Plaintiff intends to allege violations of his Due Process and Equal Protection rights by Ms. Terry pursuant to 42 U.S.C. § 1983, in both her individual and official capacities.

      **a.**      **Plaintiff's individual capacity claims are futile.**

For relief pursuant to 42 U.S.C. § 1983, "a plaintiff must prove (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citation omitted)). There is no vicarious liability for actions under 42 U.S.C. § 1983. Beard v. Lockhart, 716 F.2d 544, 545 (8th Cir. 1983), and the doctrine of respondeat superior does not apply to actions under Section 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 659, 691 (1978). Thus, to state a claim for relief pursuant to Section 1983, Plaintiff must plead facts demonstrating that the individual defendant was directly and personally involved in the alleged misconduct. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.").

By his proposed amendment to now incorporate Ms. Terry as a defendant individually in the present action and thus allege his existing claims against her, Plaintiff has failed to allege any facts implicating any specific, individual involvement or action by Ms. Terry. Even construing Plaintiff's would-be amended Complaint liberally, Plaintiff's Complaint nevertheless fails to implicate specific, individual action on the part of Ms. Terry, much less mention her name.

Rather, Plaintiff only alleges conclusorily that the Defendants continue to deprive Plaintiff of his constitutional rights by denying Plaintiff general assistance and have "implemented, retained, and carried out policies that violate the constitutional rights of Plaintiff." (Compl. [Docket No. 1], § IV, ¶ 1). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his amendment to incorporate Ms. Terry as a defendant in her individual capacity is necessarily futile.

> **b.    Plaintiff's official capacity claims are futile.**

Plaintiff's attempt to amend his Complaint to now allege official-capacity claims against Ms. Terry is evaluated as an attempt to allege claims against her employing municipality, Crow Wing County. Claims against a person in their official capacity mean the lawsuit is one against the employing municipality. Uland v. City of Winsted, 570 F. Supp. 2d 1114, 1119-20 (D. Minn. 2008) (citing Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Bankhead v. Knickrehm, 360 F.3d 839, 844 (8th Cir. 2004)).

In Monell, supra, the United States Supreme Court held that a municipality is subject to liability pursuant to 42 U.S.C. § 1983 only when the alleged violation of the plaintiff's federally protected right can be attributed to the enforcement of a municipal custom or policy. 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Municipalities cannot be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Anderson v. City of Hopkins, 805 F. Supp. 2d 712, 722-23 (D. Minn. 2011) (citing Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003) (internal citations omitted); Sitzes v. City of W. Memphis Ark., 606 F.3d 461, 470 (8th Cir. 2010)

(without any underlying constitutional violation, a plaintiff cannot maintain a claim against a local government)).

Accordingly, to survive a 12(b)(6) analysis on a Section 1983 Monell claim as alleged against a government entity – and, hence, a Rule 15(a)(2) motion to amend futility analysis – a plaintiff must offer facts sufficient to implicate (1) the existence of a municipal custom or policy (2) that is the "moving force" behind a constitutional violation. Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees – it may only be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom. Id.; see also Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998); Board of Comm'rs v. Brown, 520 U.S. 397, 400 (1997) (holding that only "deliberate" action by a municipality can meet the "moving force" requirement).

The Eighth Circuit does not use the terms "custom" and "policy" interchangeably when engaging in a Monell analysis. Rather, "a 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler, 165 F.3d at 1204 (citing Ware v. Jackson County, 150 F.3d 873, 880 (8th Cir. 1998) (internal citations omitted)). A municipal "custom" to which constitutional violations may be attributed, on the other hand, requires proof of three elements:

1)     The existence of a continuing, persistent, widespread pattern of unconstitutional misconduct by the County's employees
2)     Deliberate indifference to or authorization of unconstitutional conduct by the County's policymaking officials after notice to the officials of the purported misconduct; and
3)     That Plaintiff was injured by acts pursuant to such policy (the "moving force" behind the constitutional violations).

Mettler, 165 F.3d at 1204 (internal citations omitted).

11

Plaintiff has failed to identify in his attempt to amend his Complaint, either expressly or implicitly, either a municipal policy or custom to which Plaintiff's alleged constitutional violations may be attributed. Even construing Plaintiff's factual allegations liberally, nothing in Plaintiff's Complaint remotely identifies or implicates a County "official policy" involved in the alleged deprivation of Plaintiff's rights, nor does Plaintiff allege facts implicating the existence of a custom or "widespread pattern of unconstitutional misconduct."

In light of the fact that Plaintiff's Complaint (as sought to be alleged against Ms. Terry) is devoid of factual allegations sufficient to implicate the existence of a municipal custom or policy to which the alleged constitutional violations may be attributed, Plaintiff has failed to state a Monell claim upon which relief may be granted that may be successfully alleged against Ms. Terry. As a result, Plaintiff's proposed claims against Ms. Terry in her official capacity are necessarily futile. Accordingly, the Court denies Plaintiff's Motion for Leave to Amend Complaint, [Docket No. 14], to the extent he seeks to add Kara Terry as a defendant.

## III.   DEFENDANT'S MOTION TO DISMISS, [DOCKET NO. 7]

Defendant Wilms moves to dismiss Plaintiff's [now Amended in part][2] Complaint for failure to serve Defendant Wilms. Beth Wilms (the individual Plaintiff originally identified as "Beth Williams" in his initial Complaint and now correctly identifies as "Beth Wilms" per his granted-in-part amendment, supra) has not been employed by Crow Wing County since March 2012. Until March 2012, Wilms served as Director of the Crow Wing County Community Services Department. (Wilms Aff. [Docket No. 11]), ¶ 4); however, beginning in March 2012, Ms. Wilms no longer worked for Crow Wing County in any capacity. (Id. ¶ 5). In her submitted

_____

[2] Because Plaintiff's granted amendment merely changes Defendant Wilms's name and title to that of "Former Director of Crow Wing County Social Services" and does not in any way amend any claims or factual allegations against Defendant Wilms, the Court considers her Motion to Dismiss, [Docket No. 7], in light of this minor amendment and does not find it necessary to render Defendant's motion to dismiss moot.

affidavit, Ms. Wilms states that she has never been personally served with the present suit, and that other than communications from her attorney, she has never personally received a copy of Plaintiff's Complaint. (Id. ¶ 6). Although Defendant moves for dismissal pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, the Court construes Defendant's Motion to Dismiss as, first and foremost, a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

### A.    Standard of Review

The Federal Rules of Civil Procedure require that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). An individual may be served personally, Fed. R. Civ. P. 4(e)(2)(A); by leaving a copy of the summons and complaint at the person's residence with a suitable person who resides there, Fed. R. Civ. P. 4(e)(2)(B); by delivering the summons and complaint to an agent legally authorized to receive them, Fed. R. Civ. P. 4(e)(2)(C); or by a method approved under state law in the state where the district court is located or where the party is served, Fed. R. Civ. P. 4(e)(1).[3] A county government (not a county government employee) may be served either by delivering a copy of the summons and complaint to the county's chief executive officer, Fed. R. Civ. P. 4(j)(2)(A); or by a method approved under state law for serving such a defendant, Fed. R. Civ. P. 4(j)(2)(B).[4]

The Rules also provide the deadline for perfecting service of the summons and complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the

---

[3] The Minnesota Rules of Civil Procedure generally provide that an individual may be served personally, or by leaving a copy of the summons and complaint at his or her residence with a "person of suitable age and discretion" who also lives at the residence; exceptions are provided for minors under the age of 14, institutionalized persons, and persons who have consented to some other method of service. Minn. R. Civ. P. 4.03(a).

[4] The Minnesota Rules of Civil Procedure provide that a county may be served by delivering a copy of the summons and complaint to "the chair of the county board or to the county auditor of a defendant county." Minn. R. Civ. P. 4.03(e)(1).

> plaintiff – must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). "The mere fact that a defendant has received actual notice of the pending action is not sufficient if there has not been compliance with the plain requirements of Rule 4." Baden v. Craig-Hallum, Inc., 115 F.R.D. 582, 586 n.4 (D. Minn. 1987) (McLaughlin, J.); see also Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (if a defendant "was improperly served, the district court lacked jurisdiction over that defendant whether or not it had actual notice of the lawsuit" (citing Printed Media Servs, 11 F.3d at 843)).

### B.    Analysis

The present record before the Court undisputedly indicates that Defendant Beth Wilms has not been properly served. Service was allegedly "performed" on January 8, 2014, at the Crow Wing County Social Services Building, located at 204 Laurel Street, Brainerd, MN, by leaving a copy of the present summons and complaint with Kelly Berens, presumably an employee located there. (Summons Returned Executed [Docket No. 5]). Not only has Defendant averred that she has not worked for Crow Wing County since March 2012, but neither the Federal Rules of Civil Procedure nor the Minnesota Rules of Civil Procedure provide for individual service by leaving the summons and complaint with another person at the defendant's workplace. See Fed. R. Civ. P. 4(e)(2); Minn. R. Civ. P. 4.03(a).

Because Plaintiff failed to properly serve Defendant, this Court lacks personal jurisdiction over her. Smith v. Ghana Commercial Bank, Ltd., 379 Fed. Appx. 542, 543 (8th Cir.

unpub. 2010) (per curiam) (where plaintiff "failed to effect service of process. . . . the court thus lacked personal jurisdiction over the defendants"); Watts v. Fed. Home Loan Mortg. Corp., No. 12-cv-692 (SRN/JSM), 2012 U.S. Dist. LEXIS 72905, at *6-7 (court "has no personal jurisdiction over" defendants who have not yet been served with the summons and complaint (citing Smith, supra)).

More than 120 days have passed since the Court granted Plaintiff's Application for IFP and provided Plaintiff with U.S. Marshal service forms, (Order [Docket No. 3]), and yet Defendant Wilms has yet to be properly served. In this circumstance, the Federal Rules are clear: the Court "must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Thus, the first question the Court considers is whether Plaintiff has shown good cause for an extension of time to serve Defendant Wilms. Hustad v. Mitsubishi Heavy Indus. Am., Inc., No. 03-cv-6484 (PAM/RLE), 2005 U.S. Dist. LEXIS 2067, at *4 (D. Minn. Feb. 10, 2005) (Magnuson, J.) ("the Court must determine whether [the plaintiff] has demonstrated good cause for his failure to serve within the prescribed period"). If he has, then Rule 4(m) requires that this Court grant him an extension; if he has not, then the Court may either grant Plaintiff a discretionary extension of time, or may dismiss his case without prejudice. See Adams, 74 F.3d at 887 ("Under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice. (emphasis in original).").

"Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase." Kurka v. Iowa County, 628 F.3d 953, 957 (8th Cir. 2010) (citing, *inter alia*,

15

Colasante v. Wells Fargo Corp., 81 Fed. Appx. 611, 613 (8th Cir. unpub 2003) (per curiam) ("There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)."). Rather,

> the standard of good cause . . . is necessarily amorphous. Whether or not it has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance.

Kurka, 628 F.3d at 957 (quoting Colasante, 81 Fed. Appx. at 613). Nonetheless, the Eighth Circuit and this District have repeatedly held that "[a] showing of good cause requires at least 'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules." Kurka, 628 F.3d at 957 (quoting Adams, 74 F.3d at 887); Favors v. Hoover, No. 13-cv-428 (JRT/LIB), 2013 U.S. Dist. LEXIS 175138, at *7 (D. Minn. Dec. 12, 2013) (Tunheim, J.) (quoting Kurka (quoting, in turn, Adams)); Hustad, 2005 U.S. Dist. LEXIS 2067, at *4 (quoting Adams). Additionally, a court should consider "whether the plaintiff has made diligent and reasonable efforts to effect service." Campbell v. Wilhite, 2007 U.S. Dist. LEXIS 80701, at *4 (E.D. Mo. Oct. 31, 2007) (citing Habib v. General Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994)).

Plaintiff has failed to demonstrate good cause or "excusable neglect" for his failure to individually serve Defendant Wilms. Plaintiff's complete lack of diligence in this regard makes it impossible for the Court to find his neglect "excusable." Plaintiff, even after receiving notice that he had failed to serve Defendant Wilms, made no attempt to re-serve. Significantly, Plaintiff seemingly concedes his failure to properly effect service by attempting to rectify service by petitioning the Court for leave to amend his Complaint so as to correctly identify Defendant Wilms. However, Plaintiff has not demonstrated any attempt to correct the lack of service. By his Motion for Leave to Amend Complaint, Plaintiff demonstrates his knowledge of Beth Wilms'

correct last name, _former_ position with Crow Wing County, and the fact that she has since been replaced as Director of Community Services. However, even with this knowledge, Plaintiff failed to even attempt to properly effect service, even after he was placed on-notice  by the present motion of the fact that he had failed to effect service to date. "Plaintiff has acknowledged that he is actually intending to sue Beth _Wilms_, who is the former Crow Wing County Community Services Director." (Pl.'s Opp. Mem. [Docket No. 17], at 1). Plaintiff explicitly represents that he is aware of his errors in attempting to serve Defendant, yet he did nothing to rectify his service attempt.

Accordingly, the Court recommends granting Defendant's Motion to Dismiss, [Docket No. 7], for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

## IV.    CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

That Plaintiff's Motion for Leave to Amend Complaint, [Docket No. 14], is **GRANTED in part** and **DENIED in part**, as set forth above; and


**IT IS HEREBY RECOMMENDED:**

That Defendant's Motion to Dismiss, [Docket No. 7], be **GRANTED** without prejudice.


Date: July 10, 2014

s/Leo I. Brisbois

Leo I. Brisbois

U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **July 24, 2014**, a writing that

17

specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **within fourteen days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.